```
                      United States District Court
                        District of Massachusetts
_____
                              )
OTIS DARREN LEWIS,            )
        Petitioner,           )
                              )
        v.                    )   Civil Action No.
                              )   92-10350-NMG
UNITED STATES OF AMERICA,     )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In April, 1993, defendant Otis Lewis ("Lewis") was found guilty of 1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 2) possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 3) carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a term of imprisonment of 322 months comprised of 262 months for the first two offenses and a consecutive sentence of 60 months for the third pursuant to 18 U.S.C. § 924(c)(1)(A), with a four-year term of supervised release to follow. Lewis's sentence was enhanced due to his status as a career offender under the Armed Career Criminal Act of 1984 ("the ACCA"), 18 U.S.C. § 924(e), which requires a minimum sentence of 15 years of imprisonment.

On March 10, 2008, Lewis filed a motion for a retroactive

reduction of his sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines Manual, § 2D1.1 which allows for a downward adjustment of the base offense level ascribed to crack cocaine offenses.  That motion will be denied because Lewis was sentenced pursuant to his status as a career offender and not solely as a result of the crack cocaine offense, thus making him ineligible for a reduction pursuant to Amendment 706.  See United States v. Caraballo, 552 F.3d 6, 11-12 (1st Cir. 2008).

On January 29, 2009, Lewis filed a pro se motion to modify his sentence based on the holding of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).  That motion is addressed as follows.

## I.   Legal Standard

The statute for which Lewis received a consecutive sentence, 18 U.S.C. § 924(c)(1)(A), provides for three levels of minimum sentences for persons who engage in firearm activity in connection with the commission of a crime of violence or drug trafficking crime (five-, seven- or ten-year terms of imprisonment, depending on whether the firearm was used/possessed, brandished or discharged, respectively).  Those sentences, which must run consecutively to any other term of imprisonment pursuant to § 924(c)(1)(D), "shall" be imposed "except to the extent that a greater minimum sentence is

otherwise provided by this subsection or by any other provision of law." § 924(c)(1)(A).

The so-called "except clause" of the statute has been interpreted by the Second Circuit Court of Appeals in United States v. Whitley literally to mean that a defendant does not have to serve the applicable minimum consecutive sentence set forth in § 924(c)(1)(A) when he is subject to a higher minimum sentence for a different offense (such as the 15-year minimum sentence required under the ACCA). 529 F.3d at 158.

## II. **Application**

Lewis apparently contends that, because his sentence was enhanced pursuant to the 15-year minimum under the ACCA, he should not have to serve the consecutive term of imprisonment that he received pursuant to § 924(c)(1)(A). Although his argument might be persuasive in the Second Circuit, Whitley is not binding on this Court. Moreover, there is a split among the circuits over how to interpret the "except clause." See Whitley, 529 F.3d at 156 (noting the Second Circuit's disagreement with the Fourth, Sixth and Eighth Circuits). The First Circuit Court of Appeals has explicitly declined to decide whether to apply the holding of Whitley or, instead, to follow those circuits that "would squarely reject Whitley." United States v. Parker, 549 F.3d 5, 15-16 (1st Cir. 2008), cert. denied, 129 S. Ct. 1688 (2009). Therefore, Whitley does not, as Lewis argues, compel

this Court to reduce his sentence retroactively.

Furthermore, even if this Court were inclined to second-guess its original sentence, it lacks the authority to do so.  In general, a criminal sentence is deemed final and a federal district court lacks jurisdiction to resentence a criminal defendant except where permitted by statute.  18 U.S.C. § 3582(c); United States v. Jordan, 162 F.3d 1, 2 (1st Cir. 1998).

Subsection (c)(1)(A) of the cited statute permits a court to reduce a term of imprisonment in certain circumstances only upon the motion of the Director of the Bureau of Prisons.  Because there is no such motion currently before the Court, that statutory remedy is unavailable to Lewis.

Subsection (c)(1)(B) of § 3582 permits a court to modify an imposed term of imprisonment where expressly permitted by statute or Fed. R. Crim. P. 35.  This Court is unaware of any such permissive statute and Rule 35 is unavailing for Lewis because it provides the Court with the requisite jurisdiction only 1) during the seven days immediately following the original sentencing and 2) upon the motion of the government.  Neither of those conditions is applicable here.  See United States v. Griffin, 524 F.3d 71, 85 (1st Cir. 2008).

Finally, 18 U.S.C. § 3582(c)(2) permits a court to modify a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

That exception does not apply to Lewis because he was sentenced based upon the ACCA and not a sentencing range that has subsequently been lowered (such as that to which Amendment 706 applies). See Caraballo, 552 F.3d at 11-12. Thus, this Court lacks the jurisdictional authority to modify Lewis's sentence as he requests.

**ORDER**

In accordance with the foregoing:

1) Lewis's motion for retroactive application of sentencing guidelines to his crack cocaine offense (Docket No. 119) is **DENIED;** and

2) his motion to modify his sentence (Docket No. 126) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 24, 2009